JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:23-cv-07278-MCS-JPR | Date  January 29, 2024 |
| Title  *Ramirez v. Herschel Supply Company, Ltd. et al.* | |

Present: The Honorable  Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (IN CHAMBERS) REMAND ORDER (ECF NO. 14) (JS-6)

Plaintiff moves to remand this case to the Los Angeles County Superior Court. (Mot., ECF No. 14.) Defendant Herschel Supply Company, Ltd. opposed. (Opp'n, ECF No. 16). Plaintiff filed a reply. (Reply, ECF No. 18.)

## I. BACKGROUND

This is a website-wiretapping case. Plaintiff alleges that she visited Defendant's website, which intercepts inquiries customers make to Defendant, a luggage, apparel, and accessories retailer, and directs them to a third party without notifying the customers that it is doing so. (Compl. ¶¶ 8–9, ECF No. 1-1.) The third party then stores customer information for its own purposes and shares it with other parties. (*Id.* ¶¶ 10–11.)

Plaintiff asserted one claim for violation of the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 631, and one claim for violation of the California Unauthorized Access to Computer Data Act ("CUCA"), Cal. Penal Code § 502(e). (*See generally* Compl.)

Plaintiff initiated this proceeding in the Los Angeles County Superior Court, No. 23STCV17910. Defendant removed the case to federal court, invoking diversity jurisdiction. (Notice of Removal ¶ 11–14, ECF No. 1.) Plaintiff moves to remand on the ground that the Court lacks diversity jurisdiction because the amount in controversy does not exceed $75,000. (Mot. 3–5.)

## II.     LEGAL STANDARD

A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). There is a "strong presumption" against removal jurisdiction, and the removing party bears the burden of proving that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

To invoke diversity jurisdiction, a party must demonstrate that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the removing defendant must establish by a preponderance of the evidence that the amount in controversy "more likely than not" exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

## III.    DISCUSSION

The amount in controversy is not clear from the face of the Complaint. The civil case cover sheet invokes the state court's unlimited jurisdiction, (Civil Case Cover Sheet, ECF No. 1-1 at 14[1]), so the Court surmises that Plaintiff asserts the amount in controversy exceeds $25,000, *see* Cal. Civ. Code §§ 85(a), 88. But nothing in the Complaint indicates whether the total amount Plaintiff seeks exceeds $75,000. Thus, Defendant must show that the amount in controversy "more like than not" exceeds $75,000. *Guglielmino*, 506 F.3d at 699; *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (requiring "[e]vidence establishing the amount . . . when . . . the court questions[] the defendant's allegation" of the amount in controversy).

---

[1] The item filed at ECF No. 1-1 contains multiple documents. This pin cite refers to the page number assigned by the ECF system.

Defendant fails to carry its burden. Defendant approximates the amount in controversy as upwards of $307,000 between Defendant's attorney's fees, the cost of injunctive relief, and possible damages if this case were to go through trial. (*See* Opp'n 8–13.) But its calculations are unsupported and unpersuasive.

CIPA provides a private right of action to enjoin the CIPA violation and to recover the greater of $5,000 or three times the plaintiff's actual damages. Cal. Penal Code § 637.2(a)–(b). And under CUCA's private right of action, a plaintiff may seek compensatory damages, injunctive relief, and attorneys' fees. Cal. Penal Code § 502(e)(1)–(2). The Court considers each in turn.

### A.   Compensatory and Punitive Damages

Defendant submits that the potential damages here exceed $75,000, directing the Court to three wiretapping cases resulting in more than $100,000 in damages. (*See* Opp'n 12–13); *Tran v. Lehrer Management Co.*, 40 Trials Digest 7th 6, 2004 WL 2258120 (N.D. Cal. May 1, 2004) (settlement of $100,000); *Couche v. Coons*, JVR No. 502225, 2002 WL 34495821 (Santa Clara County Super. Ct. 2002) ($215,000 in punitive damages); *McDougall v. Pellicano*, 15 Trials Digest 16th 21, 2012 WL 7916513 (L.A. County Super. Ct. 2012) ($3,895,000 in total damages).

But Defendant does nothing to show that this case is similar to those, nor could it. *Tran* settled after a one-day mediation and involved an employer secretly installing keystroke tracking software on its employee's computer that logged private messages and emails with her bank and credit card lenders. 2004 WL 2258120. The *Couche* plaintiff allegedly suffered post-traumatic stress disorder after her home was wiretapped by her ex-husband during their divorce. 2002 WL 34495821. And *McDougall* was a four-plaintiff case involving phone wiretapping during a divorce caused by an extramarital affair. 2012 WL 34495821. References to damages in other cases, "without a comparison to the facts alleged here, does not appear to 'provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds'" $75,000. *Watts v. Enhanced Recovery Corp.*, No. 10-CV-02606-LHK, 2010 WL 3448508, at *2 (N.D. Cal. Sept. 1, 2010) (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)); *see also DeCosta v. Headway Workforce Sols.*, Civ. No. 20-00015 LEK-KJM, 2020 WL 1822473, at *5 (D. Haw. Apr. 10, 2020) ("[T]he mere fact that other cases have resulted in punitive damages awards is insufficient to warrant the inclusion of punitive damages in the amount in controversy where Defendant failed to carry its

burden of demonstrating similarity between the sample cases and the instant action.").

Without the cases, the Court is left with no evidence to determine the possible damages apart from the fact that Plaintiff seeks statutory damages for the CIPA violation for a "browsing session on the Defendant's website" when "the [P]laintiff utilized the chat box feature." (Compl. ¶ 8.) This could amount to one violation, resulting in $5,000 in statutory damages. Cal. Penal Code § 637.2(a)(1). Accordingly, Defendant has failed to meet its burden of proof to show any damages over $5,000.

### B.   Cost of Compliance with Injunction

The cost of compliance with an injunction factors into the amount in controversy. *See, e.g.*, *McCauley v. Ford Motor Co.*, 264 F.3d 952, 958 (9th Cir. 2001). Plaintiff seeks an "order enjoining Defendant's conduct as alleged herein." (Compl., Prayer ¶ 3.) Defendant submits that, if it were enjoined from the conduct in the complaint, "it would cost . . . at least $50,000 to build inhouse the same core set of features." (Crespin Decl. ¶ 7, ECF No. 16-1.) This is entirely speculative. Defendant offers no competent evidence toward its burden to show that compliance with the (admittedly vague) injunction Plaintiff seeks would require building "inhouse the same core set of features," let alone that accomplishing that task would cost $50,000. (*Id.*; *see generally id.* ¶¶ 7–9 (providing no basis for $50,000 cost).) Other, less costly actions, like a written disclaimer, might accomplish the injunction's ends. *Cf. Huges v. Mandry Tech. Sols., LLC*, No. 2:23-cv-09502-JLS-MAR, 2023 U.S. Dist. LEXIS 206553, at *2–3 (C.D. Cal. Nov. 16, 2023) (questioning subject-matter jurisdiction where defendant failed to support an argument that "an injunction would require costly expenditures to alter the website code" where a different, obvious method of injunction compliance "appears to impose only a *de minimis* cost" (cleaned up)).

### C.   Attorney's Fees

"Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees." *Guglielmino*, 506 F.3d at 700; *see also Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met."). But "[a] district court may reject the defendant's attempts to include future attorneys'

fees in the amount in controversy if the defendant fails" to prove to a preponderance of the evidence with "summary judgment-type evidence" that the fees will be incurred. *Fritsch*, 899 F.3d at 795.

Under CUCA, a plaintiff may seek attorneys' fees. Cal. Penal Code § 502(e)(1)–(2). Defendant, citing an unpublished California Court of Appeal case, argues that both prevailing plaintiffs and defendants may recover attorneys' fees. (*See* Opp'n 9–10); *US Source LLC v. Chelliah*, No. G049481, 2014 WL 6977597, at *1, 4–7 (Cal. Ct. App. Dec. 10, 2014) (unpublished). Whether the Court should give that unpublished opinion any weight is an open question. *See* Cal. R. Ct. 8.1115(a) ("[A]n opinion of a California Court of Appeal . . . that is not certified for publication or ordered published must not be cited or relied on by a court or a party in any other action."); *but see United States v. Williams*, 979 F. Supp. 2d 1099, 1103 n.2 (D. Haw. 2013) ("Despite California Rule of Court 8.1115, . . . the Ninth Circuit has on several occasions relied upon unpublished California state opinions."). But several federal district courts have held that only prevailing plaintiffs may seek attorney's fees. *See Swearingen v. HAAS Automation, Inc.*, No. 09cv473-BTM (BLM), 2010 WL 1495204, at *2 (S.D. Cal. Apr. 14, 2010); *OptiStreams, Inc. v. Gahan*, No. CVF-05-0117REC SMS, 2006 WL 829113, at *10 (E.D. Cal. Mar. 28, 2006).

Notwithstanding whether a prevailing defendant may recover attorneys' fees under CUCA, even if the Court included Defendant's fees in the amount in controversy—which it argues would likely be higher than Plaintiff's, (Opp'n 10–11)—the $75,000 threshold would not be met. Defendant submits that it has spent more than $17,000 in attorneys' fees in defending this action through briefing the motion to remand, (Terzian Decl. ¶ 6, ECF No. 16-2), and expected to spend at least $5,000 in attorneys' fees in preparing the now-filed reply in support of the motion to dismiss, (*id.* ¶ 7; *see* MTD Reply, ECF No. 19). Defendant has proved these fees, totaling $22,000, will be incurred by a preponderance of the evidence. *See Fritsch*, 899 F.3d at 795. But Defendant has not proven by a preponderance of the evidence that it will incur the additional $178,000 in attorneys' fees if the motion to dismiss and a possible motion for summary judgment were denied. For one, Defendant does not direct the Court to any CUCA or CIPA cases where fees have been granted, and, as noted in Defendant's opposition, "no website-wiretapping cases have gone to trial." (Opp'n 12.) And there is little evidence that either party will incur $50,000 in fees related to discovery for a case where the factual issues boil down to whether Plaintiff used a website feature one time and whether the website directed her communications to a third party or any of the other projected fees. (*See* Terzian Decl.

¶ 7.) As such, Defendant has failed to show by a preponderance of the evidence that its fees will exceed $22,000. *See Fritsch*, 899 F.3d at 795.

### D. Summary

The amount in controversy is not clear from the face of the Complaint. Defendant fails to present evidence establishing that the amount in controversy more likely than not exceeds $75,000. Accordingly, Defendant has not shown the Court has subject-matter jurisdiction over the case. Remand is appropriate. 28 U.S.C. § 1447(c).

### IV. CONCLUSION

The Court remands the case to the Los Angeles County Superior Court, No. 23STCV17910. The Court directs the Clerk to effect the remand immediately and close the case.

**IT IS SO ORDERED.**